IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANDCEE SAENGCHANH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| STERLING JEWELERS INC., and BLITT AND GAINES, P.C., | ) ) ) |
| Defendants. | ) ) |

## **COMPLAINT**

1. Plaintiff Dandcee Saengchanh brings this action to secure redress from unlawful collection practices engaged in by defendant Blitt and Gaines, P.C. ("Blitt"), while attempting to collect a debt for Sterling Jewelers Inc. ("Sterling").

2. Plaintiff alleges that defendants commenced judgment enforcement proceedings against plaintiff without ever obtaining a judgment against her.

3. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

4. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

5. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

6. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

7.  The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

8.  Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

9.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

10.  Venue and personal jurisdiction in this District are proper because defendants are located here and all of the conduct at issue occurred here.

## PARTIES

11.  Plaintiff Dandcee Saengchanh is an individual who resides in the Northern District of Illinois.

12.  Defendant Sterling is a Delaware corporation that sells jewelry on credit in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

13.  Defendant Blitt is a law firm organized as an Illinois corporation with offices at 661 Glenn Avenue, Wheeling, Illinois 60090. Its registered agent is Fred Blitt at that address.

14.  The practice of Blitt consists of the collection of consumer debts owed to others.

15.  "Blitt and Gaines, P.C. is a full service collections law firm dedicated to providing our clients with best-in-class representation while working diligently with customers to promptly and amicably resolve their matters." (http://blittandgaines.com)

16.  Blitt uses the mails and telephone for that purpose.

17. Blitt is a debt collector as defined in the FDCPA.

## FACTS

18. In early 2013 Sterling, represented by counsel other than Blitt, filed suit against plaintiff and her ex-husband to collect a debt arising from the purchase of jewelry on a store charge account for personal, family or household purposes.

19. The debt had been by plaintiff's ex-husband without plaintiff's knowledge or authorization. Plaintiff learned of the existence of the account when she began receiving collection calls several years ago. Plaintiff reported the matter as identity theft to the local authorities once she figured out what he had done.

20. On April 16, 2013, the ex-husband was served.

21. A judgment was entered against the ex-husband on June 12, 2014, in the amount of $9784.15. (Appendix A)

22. Plaintiff was never served and no judgment was ever entered against her.

23. According to Sterling's complaint, the date of default on the account was about July 2012.

24. The four year statute of limitations on the underlying debt, 810 ILCS 5/2-725, ran in 2016.

25. A review of the court docket (Appendix B) shows that the judgment was against the ex-husband and that plaintiff was never served.

26. In late 2017, Blitt entered an appearance on behalf of Sterling.

27. On or about January 25, 2018, Blitt had a wage deduction proceeding commenced against plaintiff and her employer (Appendix C). Plaintiff knew nothing about the case or the judgment until she received the January, 2018 notification.

28. The wage deduction proceedings falsely stated that the judgment was against plaintiff.

29. Plaintiff was damaged, through:

    a.    Embarrassment and aggravation.

    b.    Loss of time and money in dealing with the improper collection activity.

## COUNT I – FDCPA

30. Plaintiff incorporates paragraphs 1-29.

31. This claim is against Blitt.

32. Defendant violated 15 U.S.C. §1692c, 1692e, 1692e(2), 1692e(5), and 1692e(10) by (a) contacting plaintiff's employer for the purpose of enforcing a nonexistent judgment, (b) representing that there was a judgment against plaintiff, and (c) commencing a wage deduction proceeding against plaintiff without a judgment.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    i.    Statutory damages;

    ii.    Actual damages;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

## COUNT II – WRONGFUL GARNISHMENT

33. Plaintiff incorporates paragraphs 1-29.

34. This claim is against both defendants.

35. Defendants committed wrongful garnishment by commencing a wage deduction proceeding against plaintiff without a judgment.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    i.    Actual damages;

    ii.    Punitive damages;

    iii.    Costs of suit;

    iv.    Such other and further relief as the Court deems proper.

## COUNT III – CONSUMER FRAUD ACT

36. Plaintiff incorporates paragraphs 1-29.

37. This claim is against Sterling.

38. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by (a) contacting plaintiff's employer for the purpose of enforcing a nonexistent judgment, (b) representing that there was a judgment against plaintiff, and (c) commencing a wage deduction proceeding against plaintiff without a judgment.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      i. Actual damages;

      ii. Punitive damages;

      iii. Attorney's fees, litigation expenses and costs of suit;

      iv. Such other and further relief as the Court deems proper.


*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com